## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLUTIVE LABS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> RINGO PRODUCTS, LLC, <br><br> Defendant. | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Evolutive Labs Co., Ltd. ("Evolutive Labs" or "Plaintiff") for its Complaint against Ringo Products, LLC ("Ringo" or "Defendant") alleges as follows:

## INTRODUCTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283–285.

2. Evolutive Labs is the owner of U.S. Patent No. 12,119,678 titled "Container and Lid and Attachment Thereof" ("the '678 Patent"). A true and correct copy of the '678 Patent is attached hereto as Exhibit 1.

3. Defendant has infringed the '678 Patent by offering for sale, manufacturing, and selling in the United States a container that includes all elements of at least one of the claims of the '678 Patent.

4. Evolutive Labs seeks injunctive relief, compensatory damages, treble damages, and attorneys' fees and costs as a result of Defendant's willful infringement of the '678 Patent.

## PARTIES

5. Evolutive Labs is a limited company organized and existing under the laws of Taiwan and having an address of 7F, No. 269, Chongyang Rd., Taipei City, Taipei, 115023 TAIWAN.

6. On information and belief, Defendant is a limited liability company organized and existing under the laws of the state of Delaware and having a principal place of business at 70 NE 48th Street, Miami, Florida 33137-3112.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant because Defendant is a Delaware limited liability company. This Court also has personal jurisdiction over Defendant because, on information and belief, Defendant regularly engages in business and derives revenue from the sale of goods in Delaware. Defendant offers for sale and sells infringing products via the Internet on its active website, getringo.com, through which consumers in this judicial district can purchase infringing products.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2) because Defendant is subject to personal jurisdiction in this District.

## BACKGROUND

10. On October 15, 2024, the United States Patent and Trademark Office ("PTO") duly and legally issued the '678 Patent. At all times relevant hereto, the '678 Patent has been valid and subsisting.

11. Evolutive Labs is the owner by assignment of the '678 Patent and possesses all right, title, and interest in and to the '678 Patent, including the right to sue for infringement and recover damages.

12. The inventions claimed in the '678 patent provide a new and inventive container for containing food or liquid that includes an attraction member for connecting a mobile device to the container. This allows a person to use the container to secure a mobile device in position when taking a photograph or video with the mobile device.

13. Defendant operates a website at https://www.getringo.com/. A screenshot of Defendant's website homepage is attached hereto as Exhibit 2. Defendant offers for sale on the website a water bottle referred to as the Ringo water bottle. A screenshot of Defendant's website offering the Ringo water bottle for sale is attached hereto as Exhibit 3.

14. The application that matured into the '678 patent was published as US Publication No. 2024/0154469 A1 ("the '469 Publication) on May 9, 2024. A copy of the '469 Publication is attached hereto as Exhibit 4.

15. On or about May 9, 2024, Defendant was notified of the existence of the '469 Publication and of Defendant's likely infringement of the claims therein. A copy of the email to Defendant is attached hereto as Exhibit 5.

16. The '678 Patent issued with claims substantially identical to the claims in the '469 Publication.

17. Despite being put on notice of the infringement of the '678 Patent, Defendant has continued to offer for sale and to sell the infringing Ringo water bottle without a license from Evolutive Labs.

**CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 12,119,678)**

18. Evolutive Labs incorporates by reference Paragraphs 1-17 of its Complaint.

19. The '678 Patent, entitled "Container Lid and Attachment Thereof," was duly and lawfully issued October 15, 2024.

20. The '678 Patent names as inventors Jui-Chen Lu, Ching-Yu Wang, Yu-Ting Hung, Yu-Chang Chiang, and Cheng-Che Ho.

21. The '678 Patent has been in full force and effect since its issuance. Evolutive Labs owns by assignment the entire right, title, and interest in and to the '678 Patent, including the right to seek damages for past, current, and future infringement thereof.

22. The '678 Patent relates to "a container for containing food or liquid, and a lid and an . . . attachment capable of magnetically attracting a mobile electronic device to a specific position." Ex. 1 at 1:19-25.

23. Evolutive Labs is informed and believes, and thereon alleges, that Defendant has infringed and, unless enjoined, will continue to infringe one or more claims of the '678 Patent in violation of 35 U.S.C. § 271, by, among other things, making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in the United States, and/or importing into the United States, without authority or license, infringing water bottles, including the Ringo water bottle ("accused product").

24. Representative claim 1 of the '678 Patent, reproduced below with the addition of the labels [a] – [c] corresponding to parts of the claim, recites an attachment for a container for containing food or liquid:

> 1. An attachment adapted for a container for containing food or liquid, the container having a lid, and the attachment comprising:

[a] a magnetic attraction member independent from the lid and adapted to be magnetically connected to a mobile electronic device; and

[b] a connecting structure disposed between the magnetic attraction member and the container for selectively fixing the magnetic attraction member at a first position or a second position, [c] wherein at least a portion of the connecting structure is fixed to the container.

25. The accused product embodies every element and limitation of at least claim 1 of the '678 Patent, literally or under the doctrine of equivalents, as set forth below.

**"1. An attachment adapted for a container for containing food or liquid, the container having a lid, and the attachment comprising"**

26. The Ringo water bottle is a container for containing liquid and it has a lid and an attachment. Shown below is an annotated image from https://www.amazon.com/Insulated-Water-Bottle-iPhone-Magnetic/dp/B0CMV6HX4Y?th=1 (last accessed April 16, 2025):



**"[a] a magnetic attraction member independent from the lid and adapted to be magnetically connected to a mobile electronic device"**

27.     The Ringo water bottle comprises a magnetic attracting member independent from the lid and adapted to be magnetically connected to a mobile electronic device. *See* https://getringo.com/products/ringo (last accessed April 16, 2025).



**"[b] a connecting structure disposed between the magnetic attraction member and the container for selectively fixing the magnetic attraction member at a first position or a second position"**

28.    The Ringo water bottle comprises a connecting structure disposed between the magnetic attraction member and the container for selectively fixing the magnetic attracting member at a first position or a second position. *See* https://www.amazon.com/Insulated-Water-Bottle-iPhone-Magnetic/dp/B0CMV6HX4Y?th=1 (last accessed April 16, 2025).



**"[c] wherein at least a portion of the connecting structure is fixed to the container."**

29.     As     shown     at     https://www.amazon.com/Insulated-Water-Bottle-iPhone-Magnetic/dp/B0CMV6HX4Y?th=1 (last accessed April 16, 2025), the connecting structure of the Ringo water bottle is fixed to the lid of the container.



30.     On information and belief, Defendant has long had knowledge of the existence of the '678 Patent. Evolutive Labs put Defendant on notice of the publication of the application that matured into the '678 Patent and of the infringement thereof by the Ringo water bottle at least as early as May 20, 2024.

9

31. Evolutive Labs is informed and believes, and thereon alleges, that Defendant actively, knowingly, and intentionally has induced infringement of the '678 Patent by, for example, controlling the design and manufacture of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding the use of the Ringo water bottle with the knowledge and specific intent to encourage and facilitate infringement of the '678 Patent.

32. As a result of Defendant's infringement of the '678 Patent, Evolutive Labs has been damaged. Evolutive Labs is entitled to recover for damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

33. Evolutive Labs is informed and believes, and thereon alleges, that the infringement of the '678 Patent by Defendant has been and continues to be willful. As noted above, Defendant has long had knowledge of the '678 Patent and its need for a license to the same. Defendant has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Evolutive Labs' patent rights. Thus, Defendant's infringing actions have been and continue to be consciously wrongful.

34. Based on the information alleged in this claim, Evolutive Labs is informed and believes, and thereon alleges, that this is an exceptional case, which warrants an award of attorneys' fees to Evolutive Labs pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Evolutive Labs prays for judgment against Ringo as follows:

A. That Ringo has infringed, and unless enjoined, will continue to infringe, the '678 Patent;

B. That Ringo has willfully infringed the '678 Patent;

C.That Ringo pay Evolutive Labs damages adequate to compensate Evolutive Labs for Ringo's infringement of the '678 Patent, together with interest and costs under 35 U.S.C. § 284;

D.That Ringo be ordered to pay a reasonable royalty during the period beginning on the date of publication of the application that matured into the '678 Patent;

E.That Ringo be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

F.That Ringo pay Evolutive Labs enhanced damages pursuant to 35 U.S.C. § 284;

G.That Ringo be enjoined from infringing the '678 Patent, or if its infringement is not enjoined, that Ringo be ordered to pay ongoing royalties to Evolutive Labs for any post-judgment infringement of the '678 Patent;

H.That Ringo be enjoined from inducing others to infringe the '678 Patent;

I.That this is an exceptional case under 35 U.S.C. § 285, and that Ringo pay Evolutive Labs' attorneys' fees and costs in this action; and

J.That Evolutive Labs be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Evolutive Labs hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated: May 7, 2025**O'KELLY & O'ROURKE, LLC**

OF COUNSEL:*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
**BIRCH STEWART KOLASCH &**Gerard M. O'Rourke (No. 3265)
**BIRCH, LLP**824 N. Market Street, Suite 1001A

11

Greg (Cheng-Kang) Hsu
Michael T. Smith
2600 Park Tower Drive, Suite 600
Vienna, VA 22042
Telephone: (703) 205-8000
Facsimile: (703) 205-8050
mailroom@bskb.com;
msmith@bskb.com;
gh@bskb.com

Wilmington, DE  19801
(302) 778-4001
sokelly@okorlaw.com
gorourke@okorlaw.com

*Attorneys for Plaintiff Evolutive Labs Co., Ltd.*

12